UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

THE CAMDEN FIRE INSURANCE
ASSOCIATION,

        Plaintiff,

CASE NO.:

vs.

MDVIP, INC., JOAN BEBER and ROBERT
BEBER,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiff, The Camden Fire Insurance Association ("Camden") sues the Defendants, MDVIP, Inc. ("MDVIP"), Joan Beber and Robert Beber (collectively "Beber") for declaratory relief as follows:

1.    This is an action for declaratory relief in which Camden is requesting this Court to find and declare that it does not owe a duty to defend or indemnify MDVIP, since at least one of the actual or alleged acts, errors or omissions alleged in the Beber suit against MDVIP were committed or allegedly committed prior to the Retroactive Date.

## JURISDICTION AND VENUE

2.    This court has jurisdiction pursuant to 28 U.S.C. § 1332.

3.    The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4.    Venue is proper in the Southern District of Florida since the Camden policy was issued to MDVIP in Boca Raton, Florida.

5. All conditions precedent to instituting this action have occurred, been performed, or been waived.

## PARTIES

6. The Plaintiff, Camden, is a foreign corporation incorporated under the laws of Delaware, with its principal place of business in Minnesota.

7. The Defendant MDVIP was at all material times a Florida corporation with its principal place of business in Boca Raton, Palm Beach County, Florida.

8. The Defendants Beber were at all material times Citizens of the State of Florida residing in Boca Raton, Palm Beach County, Florida.

## COMMON ALLEGATIONS

9. Beber sued MDVIP and others in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2009-CA 034380 MB. A copy of the Beber Complaint is attached as Exhibit A. ("Beber Complaint")

10. The Beber Complaint alleges that in February and March of 2008 Joan Beber had complained to her treating health care providers about her left leg, including her primary care physician, Dr. Charles E. Metzger, MD., who was affiliated with MDVIP, Inc. The Beber Complaint further alleges that Dr. Metzger failed to diagnose a vascular compromise in Mrs. Beber's left leg on March 4, 2008, and failed to send Mrs. Beber for an immediate vascular evaluation or to the emergency room on March 6, 2008. The Beber Complaint alleges that had Mrs. Beber been evaluated by a vascular surgeon earlier than March 7, 2008, her left leg would have been salvageable, but that as a result of not being seen in a timely fashion by a vascular surgeon at the emergency room, Mrs. Beber had to undergo a partial amputation of her left leg on March 16, 2008. As to MDVIP, the Beber Complaint alleges that MDVIP was vicariously liable for the negligence of Dr. Metzger in connection with Mr. and/or Mrs. Beber's contact with Dr.

Metzger and/or his office staff between March 4 and March 6, 2008. The Beber Complaint further alleges that as a result of Dr. Metzger's negligence between March 4 and March 6, 2008, Joan Beber sustained certain damages in connection with her partial leg amputation on March 16, 2008.

11. MDVIP tendered the Beber Complaint to Camden for a defense.

12. Following the completion of substantial discovery in the Beber Complaint, Camden determined that the dates alleged in the Beber Complaint were accurate.

13. Camden advised MDVIP on August 30, 2011, that it would withdraw from the defense in the Beber suit as of September 23, 2011.

14. In response, on September 28, 2011, MDVIP objected to Camden withdrawing from that defense.

15. The Camden policy contains the following relevant provisions:

**DECLARATIONS**
* * *

ITEM 1. **NAMED INSURED** (Name and Principal Address):

MDVIP, Inc.
6001 Broken Sound Parkway Suite 100
Boca Raton, FL 33487

* * *

ITEM 3. **LIMITS OF LIABILITY:**

(a) Insuring Agreement A (inclusive of **Defense Expenses**):

(i) $3,000,000 maximum aggregate Limit of Liability for all **Claims** or **Related Claims** for which this Policy provides coverage.

* * *

ITEM 7. **RETROACTIVE DATE:** November 17, 2008

\* \* \*

### I.  INSURING AGREEMENTS

**(A)**     **Managed Care Errors and Omissions Insurance**

The underwriter will pay on behalf of the **Insured** any **Loss** which the **Insured** is legally obligated to pay as a result of any **Claim** that is first made against the **Insured** during the **Policy Period** and reported to the Underwriter either during the **Policy Period** or in any event within ninety (90) days after the end of the **Policy Period**, in accordance with CONDITION (B) of this Policy.  If an Extended Reporting Period is applicable, such coverage will apply only to any **Claim** that is first made against the **Insured** during the Extended Reporting Period and reported to the Underwriter either during the Extended Reporting Period or in any event within ninety (90) days after the date any such **Claim** is first made, in accordance with CONDITION (B) of this Policy.  As part of and subject to the Limits of Liability stated in ITEM 3(a) of the Declarations, the Underwriter will have the right and duty to defend any **Claim** made against any **Insured** which is covered by this Policy, even if the allegations of such **Claim** are groundless, false or fraudulent.

\* \* \*

### II.     DEFINITIONS

\* \* \*

**(D)**     **"Claim"** means any written notice received by any **Insured** that a person or entity intends to hold an **Insured** responsible for a Wrongful Act which was committed or allegedly committed on or after the Retroactive Date listed in ITEM 7 of the Declarations.  In clarification and not in limitation of the foregoing, such notice may be in the form of an arbitration, mediation, judicial, declaratory or injunctive proceeding.  A **Claim** will be deemed to be made when such written notice is first received by any **Insured**.

\* \* \*

**(M)**     **"Managed Care Activity"** means any of the following services or activities, whether provided on paper, in person, electronically, or in any other form and whether performed for or on behalf of the **Insured** or by the **Insured** for itself or on behalf of any other party for a fee: **Provider Selection**; **Utilization Review**; advertising, marketing, selling, or enrollment for health care, consumer

directed health care, behavioral health, prescription drug, dental, vision, long or short term disability, automobile medical payment, or workers' compensation plans; **Claim Services**; establishing health care provider networks including tiered networks; provision of information with respect to tiered networks and/or consumer directed health care plans, including cost and quality information regarding specific providers, services and/or charges; reviewing the quality of **Medical Services** or providing quality assurance; design and/or implementation of financial incentive plans; design and/or implementation of **Pay for Performance Programs**; wellness or health promotion education; development or implementation of clinical guidelines, practice parameters or protocols; triage for payment of **Medical Services**; and services or activities performed in the administration or management of health care, consumer directed health care, behavioral health, prescription drug, dental, vision, long or short term disability, automobile medical payment, or workers' compensation plans.

\* \* \*

(AA)   **"Wrongful Act"** means:

(1) any actual or alleged act, error or omission in the performance of, or any failure to perform, a **Managed Care Activity** by any **Insured Entity** or by any **Insured Person** acting within the scope of his or her duties or capacity as such;

(2) any actual or alleged act, error or omission in the performance of, or any failure to perform, **Personal Information Protection** by any **Insured Entity** or by any **Insured Person** acting within the scope of his or her duties or capacity as such; and

(3) any **Vicarious Liability** for:

   (a) the performance of, or any failure to perform:

      (i)   a **Managed Care Activity**;

      (ii)  **Personal Information Protection**;

   (b) the rendering of, or failure to render, **Medical Services**; provided, that **Wrongful Act** shall not include any **Insured's** actual direct liability for the rendering of, or failure to render, **Medical Services**; or

   (c) any actual or alleged **Sexual Activity**; provided, that **Wrongful Act** shall not include any **Insured's** actual or alleged direct liability for any **Sexual Activity**.

5

16. The Camden policy does not afford coverage, as the Beber Suit intends to hold MDVIP responsible for actual or alleged Wrongful Acts that occurred prior to the Retroactive Date.

17. In view of the foregoing an actual and present controversy exists between the parties and this Court has the power to declare the rights and liabilities, if any, of the Camden and MDVIP under the policy.

18. Beber is a proper party under 18 U.S.C. 2201, *et. seq.* as their interest will be effected by the Court's declaration.

**WHEREFORE,** the Plaintiff, Camden Fire Insurance Association, requests this Court to:

A. Take jurisdiction of this matter and determine and adjudicate the rights and liabilities of the parties, if any, with respect to the Camden policy;

B. Find and declare that Camden has neither a duty to defend nor a duty to indemnify MDVIP for the Beber suit; and

C. Grant Camden such other relief as the Court deems fit and proper under the evidence and circumstances.

DATED: October 18, 2011.

HINSHAW & CULBERTSON LLP

s/Ronald L. Kammer
Ronald L. Kammer, Esq.
Florida Bar No. 360589
9155 South Dadeland Boulevard, Suite 1600
Miami, FL 33256-9009
Telephone: 305-358-7747
Facsimile: 305-577-1063